IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Avimael Martinez,<br>       Plaintiff,<br><br>v.<br><br>Tyson Foods, Inc.,<br>       Defendant, and<br>       Third-Party Plaintiff,<br><br>Routh Enterprises, Inc.,<br>       Third-Party Defendant. | Case No. CIV-12-148-RAW |

## ORDER

This action was originally filed on October 27, 2011 in the District Court in and for McCurtain County, State of Oklahoma, regarding injuries Plaintiff allegedly sustained while employed by Routh Enterprises, Inc. ("Routh") at the Tyson Foods, Inc. ("Tyson") facility. Plaintiff filed an Amended Petition alleging negligence and negligence *per se* on March 30, 2012.[1]  The case was removed to this court on April 4, 2012.

Now before the court is Tyson's motion for summary judgment [Docket No. 92] filed on September 4, 2013.  Tyson argues that it is entitled to judgment as a matter of law against Plaintiff because there are no material disputed facts and it is immune from all of Plaintiff's claims pursuant to 85 OKLA. STAT. § 12 (2005).

---

[1] Plaintiff alleges that several acts and omissions by Tyson constitute negligence and negligence *per se*, including: failing to timely cure and repair a dangerous condition on premises; failing to maintain premises free of dangerous conditions; conducting inherently dangerous activities in a careless and/or reckless manner; failing to warn Plaintiff of a dangerous condition on premises; failing to implement a maintenance and safety plan; failing to train employees to notify management of any dangerous condition located on premises; and failure to inspect premises for dangerous conditions.  Plaintiff also alleges negligence in general; negligence in the construction design; negligence in its exercise of its right of control as premises owner; and negligence in the management of the job site.

**UNDISPUTED MATERIAL FACTS**

Plaintiff's injuries occurred on March 27, 2010. Plaintiff was employed by Routh and working on a construction project at Tyson's facility at the time of the accident. Tyson was the architect and engineer of record for the construction. Tyson engineers oversaw the construction project. Tyson put out bids for the construction project in December of 2009, and the project began in January of 2010. Plaintiff has received compensation for his injuries through the Oklahoma Workers' Compensation system.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006).

At this stage, however, Plaintiff may not rely on mere allegations, but must have set forth, by affidavit or other evidence, specific facts in support of his complaint. Id. Moreover, if a plaintiff fails to address a claim in response to a summary judgment motion, that claim is abandoned. See Hinsdale v. City of Liberal, Kan., 19 Fed.Appx. 749, 768-69 (10th Cir. 2001).

**MOTION AND ANALYSIS**

Tyson's motion for summary judgment is simple and concise. Tyson argues that as the architect and engineer of record for the construction project, Tyson is entitled to immunity from

*all of Plaintiff's claims* pursuant to the exclusive remedy provisions of the Oklahoma Workers' Compensation Code in effect at the time of Plaintiff's injury.

"[L]iability for on the job injuries is governed by the law in effect at the time of the injury." Jordan v. Western Farmers Elec. Coop., 290 P.3d 9, 11 n. 2 (Okla. 2012). At the time of Plaintiff's injury, in Oklahoma, workers' compensation was the exclusive remedy to an injured employee when the defendant was his statutory principal employer. 85 OKLA. STAT. § 12 (2005). That section provided in pertinent part:

> The liability prescribed in § 11 of this Title shall be exclusive and in place of all other liability of the employer and any of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person.
> \* \* \*
> (iv) For the purpose of extending the immunity of this section, any architect, professional engineer, or land surveyor shall be deemed an immediate or principal employer <u>for services performed at or on the site of a construction project</u>, but this immunity shall not extend to the negligent preparation of designs, plans or specifications.

85 OKLA. STAT. § 12 (2005) (emphasis added).

The statutory language is clear. Architects and professional engineers have immunity under the Act. Any architect or professional engineer is deemed a "principal employer" for services performed at or on the site of a construction project. As Tyson argues, architects and engineers are automatically deemed "principal employers" under the Act. Additionally, Oklahoma courts have long held that a "principal employer" is immune from liability. See Montgomery v. Timberbrook Homeowners Ass'n, Inc., 136 P.3d 727 (Okla Civ. App. 2006).

In his response to the summary judgment motion, Plaintiff argues that Tyson's engineering functions were performed prior to the construction project and that Tyson was not

3

engaged in engineering or architectural work on the site at the time of Plaintiff's injury. Plaintiff argues that the only work Tyson was performing at the time of Plaintiff's injury was monitoring and insuring compliance of the work being performed by sub-contractors.[2]

In its reply, Tyson argues and puts forth evidence that its engineers were onsite performing the necessary functions of design engineers throughout the completion of the project.[3] During construction, the project engineers ensured the construction was being completed in accordance with the design specifications. When asked what Tyson's engineers did on the project, the lead project engineer and manager stated: "We did early on conceptual drawing, conceptual estimates, all the way through detail and design process, bidding, to onsite project management through completion of the project. We basically handled the project, engineering management." Reply, Docket No. 97, Exh. 1, p. 18. Tyson had eight (8) personnel on the project including a structural engineer, a mechanical engineer, a refrigeration engineer, a process engineer, and a drafter for each engineer. Id. at 22.

As Tyson was the architect and engineer of record on the construction project and performing those services throughout the completion of the project, and as Tyson is immune

---

[2] Plaintiff argues alternatively that if Tyson's work at the site fell "within the narrow exception" of the Oklahoma Workers' Compensation Act, that the Oklahoma Supreme Court would likely find that exception to be unconstitutional. Plaintiff's one paragraph argument is unconvincing. The inclusion of engineers and architects within the definition of "principal employer" for purposes of the Workers' Compensation Act does not violate the Equal Protection Clause.
The court also notes that Plaintiff does not put forth any argument or evidence with regard to his other claims, such as negligence in the construction design; thus, those claims are abandoned. See Hinsdale, 19 Fed.Appx. at 768-69.

[3] The court sometimes is skeptical of "new evidence" put forward in a reply brief by a movant in the summary judgment context. The non-moving party seemingly has no mechanism for rebuttal; therefore, the court freely grants permission, if requested, for the submission of a sur-reply brief. No such request was made here.

under the Act for architectural and engineering services performed at or on the site of a construction project, Tyson's motion for summary judgment [Docket No. 92] is hereby GRANTED.

As summary judgment has been granted to Tyson, both Tyson's third party claim for indemnity and contribution against Routh and Routh's counterclaim against Plaintiff for subrogation are moot; thus, they are also dismissed.

IT IS SO ORDERED this 30th day of October, 2013.

**Dated this 30th day of October, 2013.**

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma